LAW OFFICES OF
Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
JOHN S. ESPOSITO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
ANDREA M. ARRIGO
DIANA FABI SAMSON

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

546 FIFTH AVENUE
NEW YORK, NY 10036

TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297
WWW.AIDALALAW.COM

8118-13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH

September 21, 2020

Hon. Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, New York 10601
**Filed via ECF**

**RE:** *LAWRENCE SANTIAGO vs. M. RAVIKOFF ASSOCIATES, INC. et. al.,*
Docket No. 7:20-cv-04473-CS-LM **(Settlement Approval)**

Dear Judge Seibel:

    Plaintiff, Lawrence Santiago, ("Plaintiff") requests that Your Honor review and approve the settlement reached in this matter. A copy of the executed settlement agreement is annexed herein as Exhibit "**A**."

## BACKGROUND

    Plaintiff filed this Complaint asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay wages at the overtime rate, failing to provide a wage notice pursuant to §195(1) of the NYLL, and failing to provide accurate wage statements pursuant to §195(3).

## CLAIMS

    Plaintiff claimed he was employed by the Defendants, from June 11, 2018 through March 2020, Plaintiff filed a complaint, alleging that Defendants failed to pay him in accordance under the FLSA, 29 U.S.C. §§ 201 *et seq*. and the NYLL. Specifically, Defendants failed to pay Plaintiff the half time of the overtime rate; a violation that was on Plaintiff's paystubs. Further, Plaintiff also sought statutory damages based on Defendants' alleged failure to provide certain wage notices and earning statements that NYLL requires under the Wage Theft Prevention Act.

## SETTLEMENT AMOUNT

    The Parties resolved this matter through an agreement by Parties in the monetary amount of $25,500.00, with Plaintiff receiving a total of $18,339.56 after subtraction of the contingency amount. Lawrence Spasojevich, Esq. will receive $7,160.43 in attorneys' fees and costs.

    Plaintiff claimed that he worked an average of forty-five (45) to fifty (50) hours per week without being paid overtime and that his hours were accurately reflected on paystubs issued by

Defendants. After Defendants provided Plaintiff all issued paystubs and Plaintiff confirmed the accuracy of said paystubs, Plaintiff's best-case award would be $5,473.80 in unpaid overtime wages, $5,473.80 in liquidated damages, $10,000.00 for violations of the Wage Theft Prevention Act, $533.70 in interest; totaling $21,481.30.

Therefore, a received settlement of $18,339.56 which compensates Plaintiff one hundred percent (100%) of wages owed, one hundred percent (100%) of liquidated damages; nearly one hundred percent (100%) in statutory penalties; one hundred percent (100%) in interest, as alleged by the Plaintiff, is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel.

## **ATTORNEY FEES**

Under Plaintiff's professional services-contingency fee agreement with the Plaintiff's counsel, the settlement agreement provides that Plaintiff's counsel will receive $7,160.43 in attorney's fees and costs. According to the retainer agreement, Plaintiff's counsel is to receive one-third of any recovery and reimbursement for all expenses incurred or statutory attorney fees, whichever is greater. Here, the parties allotted $4,018.70 of the settlement fund to attorney's fees. Therefore, the true amount the one-third is to be calculated is from $21,481.30; or $7,160.43. As a portion of the attorney fee in this matter has already been paid by Defendants, Plaintiff's counsel will only receive $3,141.73 in attorney fees from Plaintiff. To date, Plaintiff's counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind to date, and his fee has been wholly contingent upon the result achieved.

Here the attorney fee, which accounts for less than one-third of the total settlement amount, is consistent with contingency fee agreements that the Second Circuit commonly approves in FLSA cases. *See Najera v. Royal Bedding Company, LLC,* No. 13-cv-1767, 2015 WL 3540719 (E.D.N.Y. June 3, 2015)*; See also Rangel v. Grand St. Meat & Produce Corp.,* No. 13-cv-3234 (E.D.N.Y. Sept. 19, 2013)

The Courts routinely utilize the lodestar method when approving attorney's fees under a contingency agreement. *See Sakiko Fujiwara v. Sushi Yasuda Ltd.,* 58 F.Supp.3d 424 (S.D.N.Y. 2014).

The amount of attorney's fees is based on the presumptively reasonable fee, sometimes called the lodestar. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189-90 (2d Cir. 2008). The presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *See Millea v. Metro-N R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011).

The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *See Blum v. Stenson*, 465 U.S. 886, 896 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;

2

      (3) the skill requisite to perform the legal service properly;
      (4) the preclusion of employment by the attorney due to acceptance of the case;
      (5) the customary fee;
      (6) whether the fee is fixed or contingent;
      (7) time limitations imposed by the client or the circumstances;
      (8) the amount involved or the results obtained;
      (9) the experience, reputation, and ability of the attorneys;
      (10) the 'undesirability of the case;'
      (11) the nature and length of the professional relationship with the client; and,
      (12) awards in similar cases.

> *See Hensley v. Eckerhart*, 461 U.S. 424, 43o n.3 (1983) (citing *Johnson*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989); *see also Arbor Hill*, 522 F.3d at 186 n.3 (citing the *Johnson* factors).

But the Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009).

Recent reasonable hourly rates awarded in similar cases range from $200 to $600 per hour for similar small firms. *See Rosendo v. Everbrighten Inc.*, No. 13 CV 7256, 2015 U.S. Dist. LEXIS 50323, at *23-24 (S.D.N.Y. Apr. 7, 2015) (finding rates for three attorneys from a small firm specializing in wage and hour litigation over five other cases to be from $200 to $425 and awarding between $225 and $400); *See also Guallpa v. NY Pro Signs Inc.*, No. 11 CV 3133, 2014 U.S. Dist. LEXIS 77033, at *28-30 (S.D.N.Y. May 27, 2014) (finding rates for three attorneys from one small firm over three other wage and hour cases to be from $350 to $600 and awarding within the same range in wage and hour case).

Plaintiff seek an hourly rate of $400.00 for Lawrence Spasojevich, who was an attorney at the Law Offices of James F. Sullivan, P.C. and now an attorney at Aidala, Bertuna & Kamins, P.C. Lawrence Spasojevich is a 2009 graduate of the University of San Diego School of Law. Lawrence Spasojevich was admitted to the New York State Bar in 2011, admitted to the United States District Court, Southern District of New York in 2018, and admitted to the United States District Court, Eastern District of New York in 2018. Seventy percent (70%) of Lawrence Spasojevich's case load concentrates on wage and hour matters, either individual, multi-plaintiff, or collective actions, in the Eastern District of New York, Southern District of New York, and New York State Courts. Before joining the Law Offices of James F. Sullivan, P.C. and Aidala, Bertuna & Kamins, P.C., Lawrence Spasojevich was an Assistant General Counsel, Level III at the Office of the Mayor, Office of Labor Relations for the City of New York, where he was involved in wage and hour disputes, FMLA actions, and collective bargaining.

Here, the fee amount of $7,160.43, is greater than the lodestar amount of $4,050.00. Contemporaneous time records of work performed concerning the case are attached hereto as Exhibit "**B**." The proposed allocation represents a lodestar multiplier of 1.76. Although the lodestar multiplier is determinative only for a common fund settlement, Courts have considered it in individual settlements, and here it is in line with settlements approved in other

3

cases. *See, e.g*., *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (awarding fee that represented 2.28 multiplier of modified lodestar calculation and noting that "multiplier near 2 compensates [Plaintiff's counsel] appropriately"). The Plaintiff and the Plaintiff's counsel have a contingent fee agreement compensating the Plaintiff's counsel one-third of any settlement plus prepaid costs and expenses. Nothing additional is to be paid by the Plaintiff to the Plaintiff's counsel.

## **THE SETTLEMENT SHOULD BE APPROVED**

Court approval of an FLSA settlement is appropriate when the settlement reached as a result of contested litigation resolves bona fide disputes." *Johnson v. Brennan,* No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, "the court should approve the settlement." Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 135l n. 8 (11th Cir. 1982). Plaintiff's recovery – after attorney's fees – is fair and reasonable. *See, e.g., Meigel v. Flowers of the World. NYC. Inc.,* No. 11, Civ. 465, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an accurate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.,* No. 11 Civ. 7410, 2011 U.S. Dist LEXIS 144978 at *2 (S.D.N.Y. 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arms-length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

Plaintiff's recollection of hours is sufficient to prove the hours worked and the wages received; however, this recollection is not binding on the fact finder. *See Gorman v. Consol. Edison Corp.,* 488 F.3d 586, 590 (2d Cir. 2007). Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to claimed hours.

Given the conflicting evidence, the fact that the settlement was negotiated at arms-length with experienced counsel, the settlement amount, even after the deduction of attorneys' fees, reflects a total recovery of unpaid wages, total recovery of liquidated damages, total recovery of interest, and near total recovery of statutory damages, and the speed of payment, it is respectfully requested that the Court approve the parties' settlement agreement. *See Reyes v. Altamarea Group. LLC,* 10-cv-645I (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011).

Plaintiff thanks the Court for its attention to this matter.

Respectfully,

_____/S/_____
Lawrence Spasojevich, Esq.
*Attorney for Plaintiff*

4